4/7/20

## SETTLEMENT AGREEMENT AND RELEASE

THIS AGREEMENT ("Agreement") is made and entered into on the dates hereinafter set forth by and between the BOARD OF EDUCATION OF TOWNSHIP HIGH SCHOOL DISTRICT NO. 113, Lake County, Illinois (hereinafter referred to as the "DISTRICT, and ▇▇▇▇▇▇ ▇▇▇▇▇▇, parent of ▇▇▇▇▇▇▇▇, a minor child (hereinafter referred to as "the PARENT" and "▇▇▇" respectively). The DISTRICT and the PARENT are hereinafter collectively referred to as "the parties."

### WITNESSETH:

**WHEREAS,** ▇▇▇ is a student with a disability who is a resident of the DISTRICT for school purposes and is eligible for special education and related services under the *Individuals With Disabilities Education Act* ("*IDEA*"), Article 14 of the *Illinois School Code*, and their respective implementing regulations; and

**WHEREAS,** there presently exist matters of pending and contemplated disputes between the parties concerning or arising out of the evaluations, special education and related services, supplementary aids and services, programs, and placements provided or not provided to ▇▇▇ by the DISTRICT to date; and

**WHEREAS,** on January 31, 2019, ▇▇▇▇▇▇▇▇ initiated an administrative due process hearing pursuant to the *IDEA*, Article 14 of the *Illinois School Code*, and their respective implementing regulations to address ▇▇▇▇▇▇▇▇ then-current disputes with the DISTRICT concerning the evaluations, special education and related services, supplementary aids and

services, programs, and placements provided or not provided to ▮ by the DISTRICT. This administrative due process action was designated as ISBE Case No. 2019-DP-0914; and

**WHEREAS,** after a four-day due process hearing in May 2019, the Impartial Hearing Officer issued her final decision on June 4, 2019; and

**WHEREAS,** on October 2, 2019, ▮ filed a complaint in the U.S. District Court for the Northern District of Illinois, in which ▮ (i) appealed those portions of the Impartial Hearing Officer's final decision in ISBE Case No. 2019-DP-0914 in which the DISTRICT prevailed, and (ii) asserted certain new claims. This federal court action was designated as U.S. District Court Case 1:19-cv-06552 and remains pending; and

**WHEREAS,** it is the express intention and desire of the parties hereto to settle U.S. District Court Case 1:19-cv-06552 and to compromise any and all claims, whether known or unknown, anticipated or unanticipated, liquidated or unliquidated, that are related to, or arise out of, the educational evaluations, services, programs, and/or placements provided or not provided to ▮ by the DISTRICT, which have been or could have been raised up to and through the date of the execution of this Agreement by both parties.

**NOW, THEREFORE,** in consideration of the promises and consideration each to the other made as hereinafter set forth, it is hereby understood and agreed by the parties as follows:

1. **NO ADMISSION.** ▮ acknowledges and agrees that this Agreement does not constitute and shall not be deemed an admission on the part of the DISTRICT of any facts alleged by ▮ or of any wrongdoing, liability, error or violation by the DISTRICT of any federal, State or municipal law, statute, regulation or order, or Board policy pertaining to ▮

2.  **PAYMENTS.** The DISTRICT will make the following payments within 30 days after this Agreement is executed by both parties:

    (a)  **Tuition, Tutoring, and Other Education-Related Expense Reimbursement:** The DISTRICT will reimburse ▓▓▓▓ in the amount of Fifty Thousand Dollars and No Cents ($50,000.00). ▓▓▓▓ may elect to designate that all or some of this amount be made to the ▓▓▓▓ School in ▓▓▓▓ Illinois; such election must be made in writing by ▓▓▓▓ no later than two business days after this Agreement is executed by both parties; and

    (b)  **Attorneys' Fees and Costs:** The DISTRICT will also direct a reimbursement to ▓▓▓▓ attorneys/law firm, Whitted Takiff, LLC, for ▓▓▓▓ attorneys' fees and costs in the amount of One Hundred Thousand Dollars and No Cents ($100,000.00). ▓▓▓▓ agrees to direct her attorneys to provide the DISTRICT with a completed IRS W-9 form for this purpose within two business days after this Agreement is executed by both parties.

3.  **WAIVER OF CLAIMS AND GENERAL RELEASE.**

    In further consideration of the agreements set forth herein, and except as provided in Paragraph 2, ▓▓▓▓ hereby fully and forever releases and discharges the DISTRICT and its former and present Board of Education members in their individual and/or official capacities, employees and agents, from any and all claims, demands, causes of action, obligations, debts, costs, damages, judgments, and liabilities, that are related to, or arise out of, the evaluations, instruction, programs, placements, therapies, services, equipment, or transportation provided or not provided to ▓▓▓▓ arising under the United States Constitution, the Illinois Constitution, federal or State law or regulation, common law, local ordinance, or DISTRICT policy. This includes, but is not limited to, any and all claims, demands, causes of action, obligations, debts,

costs, damages, judgments, and liabilities the *Individuals With Disabilities Act*, 20 U.S.C. Section 1401 et seq.; Section 504 of the *Rehabilitation Act of 1973*, 29 U.S.C. Section 794; the *Americans With Disabilities Act*, 42 U.S.C. Section 12101 et seq.; the *Illinois School Code*, 105 ILCS 5/1-1 et seq.; 42 U.S.C. Sections 1983 and 1985; the *Family Educational Rights and Privacy Act*, 20 U.S.C. Section 1232(g), the *Illinois School Student Records Act*, 105 ILCS 10/1 et seq.; and *Illinois Mental Health and Developmental Disabilities Confidentiality Act*, 740 ILCS Section 110 et seq, and their respective implementing regulations, if any, through the date of the execution of this Agreement by both parties.

Except as provided in Paragraph 2, this waiver and general release includes, but is not limited to, any and all claims for payment or reimbursement of ▇▇▇▇ attorneys' fees and costs and/or compensatory education and/or any and all evaluations, instruction, programs, placements, therapies, services, equipment, transportation, or incidental costs of any nature whatsoever relative to ▇▇ through the date of the execution of this Agreement by both parties.

4. **STIPULATION TO DISMISS U.S. DISTRICT COURT CASE 1:19-cv-06552.** Within two business days after this Agreement is fully executed by both parties, ▇▇▇▇ will file a Stipulation To Dismiss Case 1:19-cv-06552 in accordance with the *Federal Rules of Civil Procedure* and U.S. District Court, Northern District of Illinois, local rules.

5. **CONFIDENTIALITY.** ▇▇▇▇ and her agents, employees, consultants, evaluators, attorneys/advocates, and accountants shall, in accordance with law, maintain strict confidentiality with respect to the existence, negotiation, and terms of this Agreement. The ▇▇▇▇ and her agents, employees, consultants, evaluators, attorneys/advocates, and accountants shall disclose information relative to matters covered by and/or addressed within

4

DocuSign Envelope ID: 9FA91EB4-74B5-4CB6-90FD-00CD13D70E28

this Agreement only: (a) to implement the terms of this Agreement; (b) to the extent required by the provisions of the *Illinois Open Meetings Act* and the *Illinois Freedom of Information Act*; (c) as otherwise required by law; (d) as necessary for accounting and tax purposes; or (e) as required for future litigation between the parties.

6. **VOLUNTARY AGREEMENT.** ▓▓▓▓ acknowledges and agrees that she has read and understands the terms of this Agreement and enters into it voluntarily, without duress, and with the advice of competent legal counsel.

7. **BINDING AGREEMENT, FULL AND COMPLETE UNDERSTANDING, AND APPLICABLE LAW.**

This Agreement represents the full and complete understanding of the parties and all prior agreements, whether oral or written, which pertain to any of the subject matters expressed herein, are hereby deemed merged into this Agreement and superseded by the terms and conditions expressed herein. This Agreement may only be modified by the parties in writing and shall be interpreted in accordance with the laws of the State of Illinois.

IN WITNESS WHEREOF, the parties have caused this Settlement Agreement and Release to be executed on the date(s) written below.

BOARD OF EDUCATION OF
TOWNSHIP HIGH SCHOOL DISTRICT NO. 113,
Lake County, Illinois

*Elizabeth Garlovsky*      Date: 4/23/2020
894E97ABC6DC416...

▓▓▓▓      Date: 4/10/20
Parent, on her own behalf
and on behalf of ▓▓▓▓ her minor child

5